OLIVER *v.* FRANKLIN FIRE INSURANCE COMPANY OF
PHILADELPHIA.

4-4822

Opinion delivered March 14, 1938.

*Madison K. Moran,* for appellant.

*Joe P. Melton,* for appellee.

GRIFFIN SMITH, C. J.   W. M. Hudson was appointed sub-agent for the Franklin Fire Insurance Company of Philadelphia, and on June 20, 1930, executed bond, a condition being that he would pay the insurance company all sums of money properly chargeable to him.   Sureties were J. D. Oliver and L. A. Edwards.

In 1933, the company alleged an indebtedness of $497.82 and brought suit in Lonoke circuit court.   Defend-

ants were W. M. Hudson, J. D. Oliver, and Mrs. Ava B. Parks. Edwards died in 1931 and Mrs. Parks was sued as administratrix. In her answer Mrs. Parks pleaded the statute of nonclaims.

On September 8, 1933, judgments were rendered against Hudson and Oliver. The judgment recites that Hudson failed to appear, but that Oliver, by his attorney, John R. Thompson, agreed to the proceedings.

Alleging that on June 28, 1934, Hudson owed an additional $175, the insurance company brought a second action in circuit court which by consent was transferred to equity. This suit was against Hudson as principal and Oliver as surety, and the Bank of Cabot as garnishee. On January 26, 1937, the chancellor gave judgment in favor of appellee insurance company for $175, and directed that the garnishee pay appellee $200, the amount found on deposit to Oliver's credit.

Appellant urges as grounds for reversal that four errors were committed, as follows: (1) That subsequent to execution of the bond and without appellant's knowledge, the penalty was increased from $500 to $1,000. (2) That when appellee recovered in 1933 the obligations now contended for were known to appellee, and should have been included in that suit. (3) That the 1933 judgment should be set aside. (4) That failure of appellee to proceed against the Edwards' estate before the statute of non-claim destroyed the remedy was tantamount to a release of one surety, and this would have the effect of releasing the other.

W. M. Hudson testified that, while $500 was the amount printed on the bond form, this was erased and $1,000 substituted therefor before the sureties subscribed to it. G. M. Craig, appellee's state agent, testified as did Hudson. He prepared the contract and bond. Appellant, while testifying that the bond was for $500, was not certain. He said: "I had always understood it to be a $500 bond. I had no reason to investigate to see, but Hudson told me at the time I signed it that it was a $500 bond. To the best of my knowledge it was not for $1,000." Asked on cross-examination if he was in posi-

tion to tell the court that the account sued on was not the amount due the company, appellant answered "No." The evidence was sufficient to establish verity of the bond—that there had been no alterations subsequent to its execution.

G. M. Craig identified the indebtedness for which judgment was given in 1933. He said: "After that suit was filed and the money collected and the judgment satisfied, further notes became delinquent under which there were return premiums . . . amounting to $175."

Appellant testified that when he asked Craig why the company did not, in the first action, sue for the full amount, he replied in substance, "We could, but didn't want to."

There was no testimony other than this statement imputed to Craig to show that a right of action on the items comprising the $175 claim existed at the time the first suit was brought. The chancellor was correct in holding that the demand was not *res judicata*.

It is urged that the 1933 judgment should be set aside because appellant was sick when court convened and had asked for a continuance. The judgment recites that John R. Thompson represented appellant, and consented thereto. Appellant says Thompson was not employed by him in the sense that a fee was paid, but merely volunteered to look after appellant's interests in procuring a continuance.

The defense to that action is the same defense offered here—that the bond was altered. But the court found from a preponderance of testimony in the instant case that the bond was not forged. This would dispose of the defense to the first suit. It follows that the court did not err in refusing to set the judgment aside.

Finally, it is contended that failure of appellee to proceed against the Edwards' estate had the effect of releasing appellant from his co-suretyship. To separate answer of Ava B. Parks, administratrix, to the 1933 suit shows that letters of administration were issued July 14, 1931. Testimony of G. M. Craig is that ". . . After

the judgment was satisfied further notes, became delinquent." The return premiums on the notes referred to in Craig's testimony make up the item sued on in the instant case. The first judgment was rendered September 8, 1933. Therefore, the demands with which we are now dealing accrued subsequent to the judgment, and the bar of the statute of nonclaims had attached before appellee's cause of action arose.

Since the record clearly reflects that the chancellor maticulously refrained from depriving appellant of any of his equitable or legal rights, the judgment must be affirmed. It is so ordered.